IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE STEVEN BONILLA,

Plaintiff.

Nos. C 11-6306 CW (PR)
    C 11-6307 CW (PR)
    C 12-0026 CW (PR)
    C 12-0027 CW (PR)
    C 12-0206 CW (PR)

<u>ORDER OF DISMISSAL; TERMINATING ALL PENDING MOTIONS</u>

BACKGROUND

Plaintiff Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda.  He is incarcerated at San Quentin State Prison.  Although his state habeas case currently is being litigated, he filed a request for appointment of counsel for his future federal habeas litigation in this Court.  <u>See</u> <u>Bonilla v. Ayers</u>, No. C 08-0471 CW (PR).  Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred the matter to the Northern District's Selection Board for the recommendation of qualified counsel to represent Plaintiff in his federal habeas proceedings. Additionally, pursuant to Habeas Local Rule 2254-24(a), the Court granted Plaintiff's concurrent request for a stay of execution.

Although Plaintiff's state habeas case is pending before the California Supreme Court, Plaintiff has filed numerous <u>pro se</u> requests and motions in C 08-0471.  All of the requests and motions have been denied by this Court or withdrawn by Plaintiff.

Additionally, between June 1 and October 31, 2011, Plaintiff filed in this Court thirty-four <u>pro se</u> civil rights actions under 42 U.S.C. § 1983.  The Court dismissed all of those actions for the

reason that the allegations in the complaints do not state a claim for relief under § 1983, either because Plaintiff seeks relief that can be pursued only in a habeas corpus action or because his allegations fail to state a claim upon which relief may be granted. Additionally, several actions were dismissed as duplicative of actions previously reviewed and dismissed by the Court.

Now pending before the Court are five new pro se civil rights actions filed by Plaintiff. For the reasons discussed below, the actions are DISMISSED.

## DISCUSSION

A.   False Arrest/False Imprisonment

In two actions, Plaintiff claims he was falsely arrested and is falsely imprisoned. See Bonilla v. Alameda County District Attorney's Office, No. C 11-6307 CW (PR); Bonilla v. Superior Court of Alameda County, No. C 11-6306 CW (PR). Based on such claims, he seeks release from custody. Plaintiff maintains that these causes of action are "independent" from a petition for a writ of habeas corpus, because they challenge the lack of probable cause to arrest him, not the validity of his conviction.

Plaintiff's contention is without merit. As the Court has explained previously to Plaintiff in several Orders, any claim by Plaintiff that he is entitled to "immediate or speedier release" from confinement may be asserted only in a petition for a writ of habeas corpus. See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)(internal citation and quotation omitted). Accordingly, the above two actions are DISMISSED without prejudice to Plaintiff's bringing his claims in a federal habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

2

Further, any claim for damages based on allegations of false arrest and false imprisonment can be brought under 42 U.S.C. § 1983 only after Plaintiff's conviction has been found invalid. See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). (Heck v. Humphrey, 512 U.S. 477 (1994), bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Accordingly, to the extent Plaintiff seeks damages based on his alleged false arrest and imprisonment, the above two actions are DISMISSED for failure to state a claim upon which relief may be granted.

B.   Delay In State Habeas Proceedings

In Bonilla v. California Supreme Court, No. C 12-0026 CW (PR), Plaintiff claims the California Supreme Court is violating his constitutional rights by refusing to issue an opinion in his death penalty appeal. He maintains that, as a result of such delay, he is being denied his constitutional right to pursue damages claims under 42 U.S.C. § 1983 against those who are responsible for his wrongful conviction.

The Court construes this action as a request for mandamus relief, that is, a request that this Court direct the state court to rule on Plaintiff's pending appeal. So construed, the request cannot be granted. Federal district courts are without jurisdiction to issue mandamus to direct state courts in the performance of their duties; thus, an action brought to compel a state court to take or refrain from some action is frivolous as a matter of law. Demos v. United States District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991); see Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981) (federal court cannot direct state court

3

to provide speedy trial).

Further, Plaintiff's claim that he is being denied his right to pursue claims for damages related to his wrongful conviction is without merit. As the Court has explained to Plaintiff in previous Orders, <u>Heck</u>, <u>supra</u>, holds that no cause of action for damages accrues under § 1983 until Plaintiff's conviction has been overturned. In other words, <u>Heck</u> makes clear that there exists no freestanding constitutional or statutory right for Plaintiff to pursue, prior to reversal of his conviction, any claim for damages or injunctive relief that, if successful, necessarily would call into question the validity of his conviction or confinement. Moreover, the statute of limitations will not start to run on any such claims until they have accrued.

Accordingly, the above action fails to state a claim for relief and is DISMISSED.

C. <u>Prosecutorial Misconduct</u>

In <u>Bonilla v. Cullen</u>, No. C 12-0027 CW (PR), Plaintiff seeks to have his conviction vacated on grounds of prosecutorial misconduct. This claim, which is duplicative of claims previously reviewed and addressed by the Court, sounds in habeas corpus and is not cognizable in a civil rights action. Accordingly, the above action is DISMISSED.

D. <u>California Supreme Court Policy</u>

In <u>Bonilla v. California Supreme Court</u>, No. C 12-0206 CW (PR), Plaintiff challenges the constitutionality of the California Supreme Court's policy requiring that an attorney be appointed to represent capital defendants in all automatic appeals. This Court reviewed and dismissed this same claim on abstention grounds, under

4

Younger v. Harris, 401 U.S. 37, 43-54 (1971), in two of Plaintiff's previous actions. See Bonilla v. Supreme Court of Cal., No. C 11-3181 CW (PR); Bonilla v. Supreme Court of Cal., C 11-3441 CW (PR). Accordingly, the above action is DISMISSED as duplicative.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: Bonilla v. Superior Court of Alameda County, C 11-6306; Bonilla v. Alameda County District Attorney's Office, C 11-6307; Bonilla v. California Supreme Court, C 12-0026; Bonilla v. Cullen, C 12-0027; Bonilla v. California Supreme Court, C 12-0206.

Leave to proceed in forma pauperis in the above actions is DENIED.[1]

The Clerk of the Court shall enter judgment in each of the above actions, terminate all pending motions therein, and close the files. The Clerk of the Court also shall file a copy of this Order in C 08-0471.

IT IS SO ORDERED.

Dated: 1/24/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[1] The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action he files in this Court. See In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19. In the instant matter, however, the Court will not provide Plaintiff with the option of paying, in full, the $350.00 filing fee for each of the five actions addressed in the present Order, because the actions are without legal merit.

5