United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA,

Plaintiff,

v.

ALAMEDA COUNTY,

Defendant.
_______________________________/

No. C 12-0140 CW (PR)

ORDER OF DISMISSAL; DENYING MOTION TO DISMISS AS MOOT

(Docket nos. 4 & 10)

INTRODUCTION

Plaintiff, a state prisoner incarcerated at San Quentin State Prison, filed the present civil action in Alameda County Superior Court. Defendant Alameda County removed the action to this court pursuant to 28 U.S.C. § 1441, and has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons discussed below, the complaint is dismissed for failure to state a cognizable claim for relief and the motion to dismiss is denied as moot.

STANDARD OF REVIEW

Because this action was filed by a prisoner seeing redress from a governmental entity, the Court must engage in a preliminary screening of the complaint to determine whether the allegations state cognizable claims for relief. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se

United States District Court
For the Northern District of California

pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

DISCUSSION

Plaintiff alleges the violation of his federal constitutional rights by Alameda County for his alleged false arrest, false imprisonment, malicious prosecution and conviction. He seeks release from custody and monetary damages.

Plaintiff's claims are not cognizable. As the Court has explained previously to Plaintiff in several orders, any claim that he is entitled to "immediate or speedier release" from confinement may be asserted only in a petition for a writ of habeas corpus. See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)(citation and quotation omitted). At this time, however, Plaintiff is precluded from having the Court consider any pro se habeas challenge to his conviction, because the Court has exercised its discretion in Plaintiff's pending federal habeas action to deny his request to represent himself, and has stayed all further proceedings until counsel is appointed or until the Court otherwise lifts the stay. See Bonilla v. Ayers, C 08-0471 CW, Docket nos. 118, 122.

Additionally, under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), Plaintiff's claims for damages have not yet accrued, and any such claims are barred until his conviction has been invalidated. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck bars claims of wrongful arrest, malicious prosecution and conspiracy to bring false charges); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck bars claims of false arrest and imprisonment until conviction is invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)

(Heck bars claims of unlawful arrest and malicious prosecution).

Based on the above, Plaintiff's claims are DISMISSED under 28 U.S.C. § 1915A because they fail to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff's claims for release being presented in his pending federal habeas petition once counsel has been appointed and/or the stay on further proceedings has been lifted, and to Plaintiff's reasserting his claims for damages in a new action once a cause of action has accrued.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED without prejudice.

2. Defendant's motion to dismiss is DENIED as moot.

The Clerk of the Court shall enter judgment and close the files.

This Order terminates Docket nos. 4 and 10.

IT IS SO ORDERED.

Dated: July 6, 2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE